**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**The GREAT ATLANTIC & PACIFIC
TEA COMPANY, Respondent.**

No. 26132.

United States Court of Appeals
Fifth Circuit.

March 5, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Leon M. Kestenbaum, Atty., N. L. R. B., for petitioner.

Carl S. Downing, Richard C. Keenan, Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for respondent.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

■ The Board petitions for enforcement of an order requiring Respondent, The Great Atlantic & Pacific Tea Company, to cease and desist from committing violations of section 8(a) (1) of the Act (29 U.S.C. § 151 et seq.) and to post appropriate notices. We find it unnecessary to discuss the evidence in detail, it being sufficient to say there is substantial evidence to support the finding that company officials, principally District Supervisor Robinson, unlawfully interfered with employees' organizational rights during an organizing campaign by the retail clerks' union at two of the A & P stores in Mobile, Alabama.[1]

■ Respondent focuses on what it claims were erroneous and prejudicial procedural rulings by the trial examiner. By the first ruling, the examiner granted the company's motion for sequestration of witnesses but refused its further motion to make an exception for District Supervisor Robinson so that he might sit at counsel table as the company expert. It is argued that the refusal to make an exception for Robinson prejudiced respondent by forcing it to withdraw its motion for sequestration of witnesses. Since Robinson was to be the principal witness for the company and central

figure in the case, we hold that there was no abuse of discretion in refusing to allow him to sit at counsel table as an exception to the ruling on sequestration.

■ By his second ruling, the examiner refused to allow an overnight adjournment after the Board completed its case and before presentation of the defense began. The company argues that it was prejudiced in that it did not have time to confer with Robinson, its principal witness, before putting him on the stand. Since Robinson testified for only a short time on the first day of trial and then returned to the stand on the second and final day, thus giving counsel an opportunity to confer with him before completing the examination, we hold that no prejudice resulted from the examiner's refusal to adjourn when requested to do so.

■■ Respondent complains generally of the breadth of the Board's order and specifically of that part of the order whereby it is enjoined from promising or *granting* wage increases or other benefits in order to discourage unionism. It is urged that no evidence whatever was adduced to show that the company *granted* benefits in order to discourage unionism though there was evidence that benefits were promised. Generally, the order prohibits A & P from committing the unfair labor practices it was found to have committed and from like or related conduct. Since it is confined to conduct like or related to that involved in the case, the order cannot be characterized as overbroad. See Southwire Co. v. NLRB, 5th Cir. 1967, 383 F.2d 235, 237; cf. NLRB v. Safway Steel Scaffolds Co. of Georgia, 5th Cir. 1967, 383 F.2d 273 where an order was held to be overbroad because it went beyond conduct involved in the case by enjoining the company from interfering "in any manner"

---

1. Respondent takes particular exception to a finding that a conversation between Supervisor Duplan and Brenda Pigg, an employee, amounted to coercive interrogation. We need not give specific attention to this finding since there were

other instances of interrogation to support an order requiring the company to cease and desist from coercive interrogation. We note especially the inquiries made of employee Harris by Duplan and Robinson.

with employees' statutory rights. Nor can the part of the order enjoining respondent from promising or granting benefits in order to discourage unionism be considered overbroad since the granting of benefits is conduct like or related to the promising of benefits.

Finally, it is argued that respondent should be required to post notices only in the two stores involved in the case rather than in all the A & P stores in Mobile as required by the order. We believe this decision was within the Board's discretion inasmuch as notoriety of the company's interference with employees' statutory rights could reasonably be presumed to have reached employees in all of the Mobile stores. This assumption is particularly reasonable in light of the fact that Robinson was supervisor for all the local stores.

Enforced.